Dear Mr. Myers:
This office is in receipt of your opinion request concerning the Bienville Parish Fire Protection District No. 6. Specifically you ask us to consider the following questions:
 (1) If the commissioners have failed to determine their terms of office by lot, as required by law, must they do so now?
The applicable statute to this situation is LSA-R.S. 40:1496. Section E of the statute states:
 "Two of the initial members of the board shall hold office until one year from the January first immediately succeeding their appointment and three members shall hold office until two years from the January first immediately succeeding their appointment, the respective terms to be determined by lot. Thereafter, each member appointed shall serve for a term of two years. Members are eligible for reappointment. If a vacancy occurs, it shall be filled for the unexpired term by the body originally making the appointment so vacated."
As ending of terms would depend on how the lots fell, and because lots were never drawn, the commission members should cast lots at this time. The effective date for the beginning of the terms for purposes of calculating the one and two year periods should be January 1, 1997, which is the January immediately succeeding their drawing of lots. This statute provides that all five commission members, including the chairman, must have their terms determined by lot. Thus, depending on how the lots fall, two members' terms will expire on December 31, 1997 and three members' terms will expire on December 31, 1998.
 (2) May the current chairman of the board of commissioners cast the deciding vote regarding the appointment or reappointment of the chairman?
The provision that covers the appointment of the chairman for the Board of Commissioners of the Fire Protection District is LSA-R.S. 40:1496. The statute provides:
 "B. In the case of a district comprising all or part of a single parish, members shall be appointed as follows:
 (3) In the case where two municipalities are included within the boundaries of a district lying within a single parish:
 (a) The parish governing authority of each municipality shall appoint two members.
 (b) The governing authority of each municipality shall appoint one member; and
 (c) One member shall be selected by the other four members and shall serve as chairman of the board."
This provision concerning the appointment of a chairman will not take affect until the term of the current chairman ends as determined by lot. Whenever the chairman's term expires as determined by the lots, the other four board members will vote to select a chairman in accordance with section B(3)(c) as cited above. Given this express provision for selecting the chairman, the outgoing chairman will not vote on the appointment or reappointment of the chairman. The outgoing chairman whose term will have just expired is, however, eligible for reappointment.
The obvious problem occurs when the vote of the four board members is tied and the members are otherwise unable to agree on a chairman. As there is no provision in the statute for breaking a tie in this situation, the members must negotiate until they can reach an agreement concerning the chairman. Otherwise, they remain in a deadlock and the sitting chairman would continue to discharge the duties of his office until his successor is inducted into office in accordance with LSA-R.S. 42:2. While a deadlock is not the ideal situation, there does not exist a provision, other than the agreement and negotiation by the four members, which would break a tie vote.
This opinion does not affect the chairman's role in voting regarding other matters. For these matters, see La. Atty. Gen. Op. No. 94-162 which states in part; ". . . a presiding officer or chairman may vote on every matter if the vote is by ballot. However, when the vote is by any other means other than ballot, a presiding officer or chairman is limited to voting only in the instance where his vote will break or cause a tie or cause or block the attainment of a necessary two-thirds vote."
In conclusion, the board members, including the chairman, should draw lots to determine the effective dates and periods of their terms, with the beginning date of their terms being January 1, 1997, which is the January immediately succeeding their appointment by lots. Whenever the term of chairman expires according to lot, the four sitting board members as appointed by specific provision of R.S. 40:1496(B)(3) will vote on a chairman. If the other members cannot reach a decision, the board remains deadlocked and the parties must compromise before they may proceed. The outgoing chairman may not cast the tie-breaking vote in the appointment or reappointment of a chairman.
We hope the foregoing is helpful. Should you have any further questions, please contact us.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW/vlh
Date Received: July 8, 1996
Date Released:
J. RICHARD WILLIAMS ASSISTANT ATTORNEY GENERAL